**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 2 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MALIK OMAR DURHAM,

    Petitioner-Appellant,

    v.

LOUIS E. BRUCE, Warden of the
Hutchinson Correctional Facility; and
PHIL KLINE, Attorney General for
the State of Kansas,

    Respondents-Appellees.

No. 04-3214

(D. Kansas)

(D.C. No. 03-CV-3205-CM-DJW)

---

**ORDER**

---

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

    Malik Omar Durham, a state prisoner proceeding pro se and in forma
pauperis, seeks a certificate of appealability (COA) to appeal the denial of his 28
U.S.C. § 2254 petition for habeas corpus. We deny his request for a COA and
dismiss this matter.

1

# I.  BACKGROUND

In 1996, Mr. Durham was convicted of aggravated robbery in the District Court of Wyandotte County, Kansas, and was sentenced to 190 months of imprisonment.  His sentence was enhanced based on two prior juvenile convictions to which he had pled guilty.  On direct appeal from the aggravated robbery conviction, Mr. Durham argued that the court's inclusion of his prior juvenile adjudications in determining his sentence violated his rights under the Due Process and Ex Post Facto Clauses because his juvenile convictions were constitutionally defective.  On direct appeal, the Kansas state courts rejected these arguments.

Mr. Durham sought post-conviction relief in the Kansas district court, raising this and several other arguments.  The trial court conducted a hearing with Mr. Durham and his counsel present.  Because Mr. Durham was no longer under a sentence or disposition in the juvenile cases, the court ruled that he could not attack them collaterally.  The Kansas Court of Appeals affirmed the district court, and the Kansas Supreme Court subsequently denied review.

Mr. Durham then filed the § 2254 petition which is the subject of this appeal, arguing that his juvenile adjudications did not comply with due process. The federal district court denied the petition based on *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), because a state conviction no

2

longer subject to attack in its own right may not be used in a § 2254 challenge on grounds that it was unconstitutionally obtained. We exercise jurisdiction under 28 U.S.C. § 2253 and deny a COA.

## II. DISCUSSION

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Id*. at 336. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* While Mr. Durham is not required to prove the merits of his case in applying for a COA, he must nevertheless demonstrate "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Id.* at 338 (internal quotation marks omitted).

3

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), if a claim is adjudicated on the merits in state court, a petitioner is entitled to federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). AEDPA also requires federal courts to presume state court factual findings are correct and places the burden on the petitioner to rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Our "deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

With these principles in mind, we have carefully reviewed the record of these proceedings. The state district court adjudicating Mr. Durham's juvenile proceedings apparently failed to make proper findings of fact as to whether Mr. Durham's stipulations were constitutionally or statutorily sufficient. During post-conviction proceedings, the State of Kansas conceded that Mr. Durham was not properly informed of his rights during his stipulation hearing. *See* State of Kansas Br. in State Collateral Appeal at 3-4 (filed Jan. 22, 2002). Nevertheless,

4

as the federal district court noted in its denial of Mr. Durham's habeas corpus petition, the Supreme Court's holding in *Lackawanna* clearly controls:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. *If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained. . . .*

*Lackawanna*, 532 U.S. at 403-04 (citation omitted) (emphasis supplied). The Court clarified that the main exception to this rule is a failure to appoint counsel:

> [W]e recognize an exception to the general rule for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment . . . .

*Id.* at 404. In this case, however, the district court found that Mr. Durham's juvenile adjudications were no longer open to direct or collateral attack, and that he utilized counsel throughout his juvenile proceedings. Furthermore, he has presented no other circumstances, such as the state court's refusal to review his constitutional claims or newly discovered evidence of actual innocence, that would constitute exceptions to the general rule of *Lackawanna*. *See id.* at 405. His case therefore falls within the parameters of *Lackawanna* and he cannot challenge his enhanced sentence in a §2254 petition on grounds that his state convictions were unconstitutionally obtained. *Id.* at 403-04.

### III.  CONCLUSION

Having reviewed the briefs, the record, and the applicable law, we conclude that the district court correctly denied Mr. Durham's habeas corpus petition.  We agree with the district court that the decision of the Kansas Court of Appeals did not violate the clearly established precedent of the United States Supreme Court. Accordingly, we deny a COA and dismiss the appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge